J. Scott Brown (6191)
Jeremy R. Cook (10325)
Brenda E. Weinberg (16187)
**COHNE KINGHORN**
**A Professional Corporation**
111 East Broadway, 11th Floor
Salt Lake City, Utah 84111
Telephone: (801) 363-4300
Email: sbrown@ck.law
Email: jcook@ck.law
Email: bweinberg@ck.law

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**

**STATE OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **RYAN ROBERT WALZ**, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>**CENTRAL BANK**, a Utah Corporation, **RYAN C. STAKER**, an individual, **J. SCOTT BROWN**, an individual, [and **COHNE KINGHORN**, a Professional Corporation],<br><br>Defendants. | **REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Case No. 2:24-cv-00618<br><br>Honorable Cecilia M. Romero |

Pursuant to Rules 12(b)(1) and 12(b)(6), Federal Rules of Civil Procedure, defendants Central Bank ("**Central Bank**"), Ryan C. Staker ("**Staker**"), J. Scott Brown ("**Brown**"), and Cohne Kinghorn, a Professional Corporation ("**Cohne Kinghorn**") (collectively, "**Defendants**"), by and through counsel of record, respectfully submit this reply memorandum in support of their motion to dismiss (the "**Motion**") the *Complaint for a Civil Case* (the "**Complaint**") filed by plaintiff Ryan Robert Walz ("**Plaintiff**").

1

## ISSUES RAISED IN OPPOSITION

Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss ("**Opposition**") conceded that the facts in the "Staker Declaration" are true; that 18 U.S.C. § 1341 does not create a private cause of action; and, that Plaintiff does not have the authority to bring a claim on behalf of a third-party. The Opposition also did not oppose Defendants' request for attorneys' fees and costs. Plaintiff argued that his claims are not frivolous, and the Court should not dismiss the Complaint because the contracts at issue violated his constitutional rights under the Fifth Amendment and should be void.

## ADDITIONAL FACTS

It has come to Defendants' attention that Plaintiff filed another action very similar to this one on September 30, 2024. *See Walz v. Oliveri, et al*., Case No. 2:24-cv-00724 (Bennett, J.) (the "**Oliveri Action**"). In the Oliveri Action, Plaintiff invoked federal question jurisdiction, citing "Amendment V of the United States constitution. 'nor be deprived of life, liberty, or property, without due process of law[.]'" *See id*. at Dkt. No. 1 p. 5. The new complaint alleges that the defendants are attempting to dispose of real estate for a trust, which Plaintiff believes is based on fraud and coercion. *See id*. at Dkt. No. 1 p. 4. The new complaint in the Oliveri Action requests that the defendants cease all actions relating to the properties "in both Saint George, Washington County, Utah and Elk Ridge, Utah County, Utah." *Id*. Plaintiff also asks the Court to remove and void all title documents that Plaintiff considers fraudulent, including the original Trust Documents that he was coerced into creating. *Id*. On the Civil Cover Sheet, Plaintiff again claims that he does not have a county of residence (Section I); he is a citizen of a foreign nation (Section III), and the nature of the suit is Other Civil Rights (Section IV). *See id*. at Dkt. No. 1-1.

# ARGUMENT

Plaintiff's Opposition did not resolve any of the pleading and jurisdictional deficiencies identified by Defendants in the Motion, and he, along with the Oliveri Action, made clear that Plaintiff's claims are indeed frivolous. Since the Complaint has failed to state a claim against Defendants and is frivolous, the case must be dismissed. Defendants are also entitled to an award of attorneys' fees and costs.

## I. PLAINTIFF FAILS TO STATE A COLORABLE CLAIM ARISING UNDER FEDERAL LAW OR TO ESTABLISH SUBJECT MATTER JURISDICTION.

### A. Claims Arising Under Federal Law and Federal Question Jurisdiction.

In addressing the question of subject-matter jurisdiction, Plaintiff clarified that this case involves violations of constitutional rights under the Fifth Amendment and insisted that this confers subject-matter jurisdiction on the Court. Federal question jurisdiction exists only where there is a colorable claim arising under federal law. *McKenzie v. U.S. Citizenship & Immigration Servs., Dist. Dir.*, 761 F.3d 1149, 1156 (10th Cir. 2014). The complaint must therefore identify the statutory or constitutional provision under which the claim arises and allege sufficient facts to show that the case is one arising under federal law. *Martinez v. U.S. Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986).

The Complaint purports to invoke federal question jurisdiction, and it referenced 18 U.S.C. § 1341 and the Fifth Amendment. In the Opposition, Plaintiff acknowledged that 18 U.S.C. § 1341 does not create a cause for private action, so that statute cannot support subject-matter jurisdiction.

The purported allegations and claims set forth in the Complaint are deficient and it is impossible to determine the legal theories upon which Plaintiff is basing his cause(s) of action. In the Opposition, Plaintiff argued that the contracts at issue have violated his

rights under the Fifth Amendment by depriving him of property, so it appears that Plaintiff is trying to make a takings claim. As such, it is possible that Plaintiff is attempting to make a takings claim. As the Court is aware, takings claims also arise under 42 U.S.C. § 1983, as discussed in Defendants' Motion, so the Complaint fails to state a takings claim because it does not contain an allegation that Plaintiff's private property was taken "for public use." *See Patton v. West*, No. 206CV00461PGCPMW, 2007 WL 9783229, at *5 (D. Utah May 24, 2007), report and recommendation adopted, No. 2:06-CV-00461, 2007 WL 1696828 (D. Utah June 8, 2007), aff'd, 276 F. App'x 756 (10th Cir. 2008) (quoting U.S. Const. amend. V (stating that private property shall not "be taken for *public use*, without just compensation"). Put simply, Plaintiff cannot state a viable takings claim under the Fifth Amendment because "[t]he Takings Clause governs the conduct of the government, not private actors." *Wells Fargo Bank, N.A. v. Mahogany Meadows Ave. Tr.*, 979 F.3d 1209, 1214 (9th Cir. 2020) (citing *Landgraf v. USI Film Prods.*, 511 U.S. 244, 266, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994)). None of the parties in this case are government actors, so Plaintiff's purported takings claim fails.

Even if a defendant had been a government actor, a takings claim is not ripe until the plaintiff has received a final decision from the government. *See N. Mill St., LLC v. City of Aspen*, 6 F.4th 1216, 1225 (10th Cir. 2021) (cleaned up); *see also Pakdel v. City & Cnty. of San Francisco, California*, 594 U.S. 474, 475, 141 S. Ct. 2226, 2228, 210 L. Ed. 2d 617 (2021) (per curiam) (quoting *Suitum v. Tahoe Regional Planning Agency*, 520 U.S. 725, 737, 117 S.Ct. 1659, 137 L.Ed.2d 980 (1997)) ("When a plaintiff alleges a taking in violation of the Fifth Amendment, a federal court should not consider the claim before the government has reached a 'final' decision."). Any Fifth Amendment claim Plaintiff

4

may have had is therefore not ripe because Plaintiff has not received a final decision from the government. Accordingly, Plaintiff's purported Fifth Amendment claims should be dismissed with prejudice.

### B. State-Law Claims and Diversity Jurisdiction.

Rather than constitutional claims, the Complaint appears to involve state-law contract claims. Though not found anywhere in the Complaint, Plaintiff alleges in the Opposition that Defendants coerced and fraudulently induced him into creating contracts; the contracts were composed without full disclosure; there was no consideration; the contracts violated his rights by causing loss of property; and the contracts should be void. Without a federal question, subject matter jurisdiction would only exist if the case involved diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff neither invoked diversity jurisdiction, nor can he satisfy the requirements under 28 U.S.C. § 1332 to establish diversity jurisdiction.

First, the matter is not between citizens of different States, as Plaintiff and Defendants are all residents of Utah.[1] Second, there is no basis to satisfy the $75,000 damages threshold. The Complaint only requested $15,000 in damages, but Plaintiff's Opposition claims to be seeking $1,000,000 from each Defendant for each contract, for a total of $8,000,000. Plaintiff claims the additional damages under 18 U.S.C. § 1341, yet he stated that he did not intend to bring a cause of action under that statute. 18 U.S.C. § 1341 then cannot be the basis of damages in the Complaint.

With respect to establishing a prima facie case for breach of contract, the Complaint has not done so. Plaintiff has also not established that he is entitled to a

---

[1] Plaintiff claims to be a foreign citizen, but the address provided by Plaintiff in the Complaint is located in Utah.

4889-8053-4508, v. 1

declaratory judgment that the contracts at issue are null and void. "Under Utah law, courts have liberal powers to render declaratory relief, as long as four threshold requirements are met: '(1) a justiciable controversy, (2) parties whose interests are adverse, (3) a legally protectable interest residing with the party seeking relief, and (4) issues ripe for determination.'" *Waters v. Stearns Lending, Inc.*, No. 1:10-CV-196-CW-PMW, 2011 WL 1793160, at *4 (D. Utah Apr. 13, 2011), report and recommendation adopted, No. 1:10-CV-196 CW, 2011 WL 1793254 (D. Utah May 10, 2011) (quoting *Utah Safe to Learn–Safe to Worship Coal., Inc. v. State*, 94 P.3d 217, 224 (Utah 2004)). The Complaint has not alleged any facts to establish any of those requirements. Even if Plaintiff did satisfy those requirements, the Court would still have discretion to dismiss the Complaint. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 282, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) ("[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites."). Based upon the foregoing, Plaintiff has failed to establish subject-matter jurisdiction or a claim upon which relief can be granted, so the Complaint should be dismissed.

## II. PLAINTIFF'S CLAIMS ARE FRIVOLOUS.

Plaintiff argued that his claims are not frivolous and requested that the Court deny Defendants' Motion under 28 U.S.C. § 1915 by claiming that he is not a "Sovereign Citizen" but instead he, "a living man, [is] Sovereign, NOT a citizen." (Opposition at 4.) The label he gives himself is irrelevant; the substance of Plaintiff's pleadings points to the conclusion that his claims are based on meritless sovereign citizen arguments. This dispute arises out of Plaintiff's failure to make payments on a loan because he disagrees with the banking system and our system of government. Plaintiff's beliefs are not the law

4889-8053-4508, v. 1

of the land, and these sorts of claims "have been rejected repeatedly by courts." *See Allan v. Hanson*, No. 122CV00117DAKCMR, 2023 WL 5243324, at *7 (D. Utah July 26, 2023), report and recommendation adopted in part, overruled in part, No. 1:22-CV-117-DAK-CMR, 2023 WL 5237923 (D. Utah Aug. 15, 2023) (cleaned up).

28 U.S.C. § 1915(e)(2)(B) requires a court to dismiss a case filed by an unrepresented plaintiff if it is frivolous or fails to state a claim upon which relief may be granted. Because the Complaint alleges nothing more than frivolous sovereign citizen claims, it should be dismissed.

### III. PLAINTIFF LACKS STANDING TO ASSERT CLAIMS ON BEHALF OF MARTINEZ.

Plaintiff conceded that he does not have the authority to bring a claim on behalf of a third-party, yet he stated in the Opposition that he still wants Defendants to pay $5,000 to Martinez, but only if Martinez agrees to sign a release of all claims in the real estate or against him. Martinez is not a party to this case, however, so Plaintiff does not have standing to sue on his behalf. These claims should therefore be dismissed.

### IV. DEFENDANTS ARE ENTITLED TO ATTORNEYS' FEES AND COSTS.

Plaintiff did not oppose Defendants' argument that the Court should award attorneys' fees, legal expenses, and court costs. The Court should also award fees because Plaintiff acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *See F.D. Rich Co. v. United States ex rel. Industrial Lumber Co.*, 417 U.S. 116, 129, 94 S.Ct. 2157, 40 L.Ed.2d 703 (1974). The Oliveri Action strengthens this argument. Defendants' Motion to Dismiss put Plaintiff on notice that the Complaint in this case was deficient, yet Plaintiff made the exact same claims in the Oliveri Action. Plaintiff has shown that he will continue to clog the courts with frivolous claims if undeterred. Because Plaintiff's claims

7

were subjectively brought in bad faith and have now become part of Plaintiff's vexatious litigation tactics, the Court should award Defendants their attorneys' fees and costs.

## CONCLUSION

Considering the foregoing, Defendants respectfully request that the Court dismiss the Complaint and award their attorneys' fees and costs.

DATED this 7th day of October, 2024.

                                                                                                                           COHNE KINGHORN
                                                                                                                            A Professional Corporation

                                                                                                                            /s/ J. Scott Brown
                                                                                                                            J. Scott Brown
                                                                                                                            Jeremy R. Cook
                                                                                                                            Brenda E. Weinberg
                                                                                                                            Attorneys for Defendants

# CERTIFICATE OF SERVICE

I certify that on the 7th day of October, 2024, I caused the foregoing **REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT** to be served by the court's electronic filing system which will send a notice of electronic filing to the following:

>Ryan Robert Walz
>2077 South Main Street
>Spanish Fork, Utah 84660
>Email: RYANWALZ@PROTON.ME

/s/ J. Scott Brown

[55154.27]