Ryan-Robert: Walz

                Plaintiff,

vs.

CENTRAL BANK OF UTAH, CORPORATION
RYAN C. STAKER, INDIVIDUAL
J. SCOTT BROWN, INDIVIDUAL
CONHE KINGHORN, CORPORATION

                Defendant.

**MOTION FOR LEAVE TO FILE SURREPLY**

Case 2:24-cv-00618-DAK-CMR

COMES NOW, Ryan-Robert:Walz, respectfully filing this Reply to Motion to Strike.

### SURREPLY DUE TO NEW MATERIAL RAISED IN DEFENDANT'S REPLY

1. The surreply is appropriate because Defendant raised new material in his Reply to Opposition to Motion to Dismiss.

### TIMELINE FOR COURT CLARIFICATION

2. On 8/22/24, I filed my Complaint in this court pro-se by going directly to the court clerk and asking for the correct form. It required all statements be brief and not make any legal arguments. It led me to believe there would be an opportunity to explain my legal arguments in full at a later time.

3. On 9/24/24, replying to Defendant's Motion to Dismiss, I responded through an Opposition to Motion to Dismiss where I explained the reason for the brevity of my initial Complaint. In that Opposition, I laid out the legal arguments for my Complaint and the relief I sought.

The Complaint and Opposition to Motion to Dismiss can be joined as one and the same if the Court so desires for ease of process.

4. On 10/7/24, Defendant filed their Reply to my Opposition to Motion to Dismiss.

5. The case has seen no movement since my original Complaint was filed on 8/22/24.

6. During that time, I have prepared for this hearing and gathered more information in direct response to **new information** presented in Defendant's Reply to my Opposition to Motion to Dismiss.

7. As a result, I filed a Supplemental Brief under FRCP 15(b)2 which states "The Court should freely give leave when justice so requires."

8. I mistakenly regarded my filing of the Supplement under FRCP 15(b) as requesting leave from the Court, meaning the Court would accept it (grant leave) or not based upon my filing.

9. I hereby file my Motion for Leave to submit my Surreply.

## ARGUMENT AGAINST MOTION TO STRIKE

10. Defendant rightfully acknowledges "The Court may permit filing of a surreply at its discretion."

11. Defendant cites SIMMLER and argues that pro-se status does not exclude my obligation to comply with Federal Rules of Civil Procedure.

12. The SIMMLER ruling was based upon an appeal filed after the matter had already been adjudicated. This matter has not been seen by the Court yet.

13. SIMMLER also says: "A surreply is typically appropriate only when new material is raised for the first time in a reply brief." *See, e.g., Green v. N.M., 420 F.3d 1189, 1196 (10th Cir. 2005); see also Locke v. Grady Cty.,* 437 F. App'x 626, 633 (10th Cir. 2011).

14. I am not requesting to be excused from any obligation to comply with FRCP, evidenced by this Motion to Leave, which is my good-faith effort to comply with all procedures.

## EQUAL ACCESS TO COURTS

15. A key principle in the Federal Rules of Civil Procedure is to ensure equal access to justice. For this reason, the FCRP eschews strict sufficiency standards as evidenced by their short and simple *Complaint for a Civil Case* form.

16. In fact, the Supreme Court of the United States and Federal Appellate Courts have ruled consistently that equal access to the Courts is of paramount importance when reviewing a pro-se pleading.

    a. "To survive a motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is plausible." *Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)*.

    b. "[A court is] required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [Complainant]." *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003).

    c. "The inquiry is not whether plaintiffs will ultimately prevail in a trial on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims. Di" *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)

17. My pleadings provide more than plausible claims of injury and the right to relief; therefore, an opportunity for Discovery is warranted to support my claims.

## NEW MATERIAL RAISED IN DEFENDANT'S REPLY

18. "A surreply is most appropriate where the new matter introduced is factual." *Id.;* *Alexander v. FBI, 186 F.R.D. 71, 74 (D.D.C. 1998)* (granting leave to file a surreply to allow the opposing party to respond to a new declaration included in the reply brief).
19. Defendant alleges that I have a "frivolous" lawsuit of similar kind currently pending against the party Oliveri, referred to by Defendant as the **Oliveri Action**.
20. By referencing another lawsuit by me in another matter, one that he has not brought up in his original Motion to Dismiss, a Surreply is warranted; otherwise, I would be prejudiced before the Court.
21. This **Oliveri Action** regarding the Deed of Trust breach of contract is completely irrelevant to this matter and should not be taken into consideration by the Court.
22. In the **Oliveri Action**, I provide irrefutable evidence that the Deed of Trust terms were breached. In their Notice of Default, they neglected to include critical information as required in the contract under Section 22: Notice of Default. Specifically, they did not inform me that I had a right to bring legal action if I disputed their alleged default. Instead, the Notice of Default informed me that they were going to foreclose through a Trustee Sale.
23. Defendant attempts to umbrella this matter and the **Oliveri Action** under the same "frivolous" claim, which is not only incorrect, but baseless.
24. Defendant states that I frivolously bring this matter to a Court of law because I "disagree with the banking system." Every one of my filings directly points out my lawful claims of fraud and breach of contract. I am prepared to present my case in Court to a jury, knowing that Defendants will have an opportunity to present their side of the case. What I ask for is nothing less than the impartial process, including discovery, for which our Court of laws were invented.

25. Defendant cites references to past cases that have dismissed sovereign citizen claims for being frivolous, attempting to relate my Complaint to those, yet Defendant offers no proof from my filings to actually substantiate that.

26. My claims are based on law.

    a. The Constitutional Contract Clause *(Article I, Section 10, Clause 1)* provides legal recourse for those who have been defrauded.

    b. The Uniform Commercial Code (UCC) Section 2-302 and Section 2A-108 address unconscionable contracts in the United States. These sections allow Courts to refuse to enforce contracts that are considered unconscionable.

27. Defendant's argument that my claim is frivolous due to Sovereign Citizen beliefs is false, and nothing more than a last-ditch effort to bias the Court against me simply because my personal status is under federal jurisdiction. Defendant, as an attorney, is well aware that federal laws prohibit discrimination based upon nationality.

28. In the interest of brevity and respect for the Court's time, I refer to my surreply rather than restate it here.

WHEREFORE, I respectfully request the Court grant leave to allow the Surreply to be accepted for the record.

/s/_____Ryan-Robert: Walz_____

## ORDER

THIS MATTER having been brought before the court as a result of a Motion for Leave to File Surreply, and the court having considered the matter, and for good cause shown;

It is on this _____ day of _____, 20_____, **ordered** that:

The Motion for Leave to File Surreply is GRANTED.

/s/_____

CERTIFICATE OF SERVICE

I certify that on the 10th day of February 2025, I caused the foregoing MOTION FOR LEAVE TO FILE SURREPLY to be served by the court's electronic filing system, which will send a notice of electronic filing to Defendants

/s/ Ryan-Robert: Walz