J. Scott Brown (6191)
Jeremy R. Cook (10325)
Brenda E. Weinberg (16187)
**COHNE KINGHORN**
**A Professional Corporation**
111 East Broadway, 11th Floor
Salt Lake City, Utah  84111
Telephone: (801) 363-4300
Email: sbrown@ck.law
Email: jcook@ck.law
Email: bweinberg@ck.law

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## STATE OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **RYAN ROBERT WALZ**, an individual, Plaintiff, <br> vs. <br> **CENTRAL BANK**, a Utah Corporation, **RYAN C. STAKER**, an individual, **J. SCOTT BROWN**, an individual, [and **COHNE KINGHORN**, a Professional Corporation], Defendants. | **RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY (DKT. 22)** <br><br> Case No. 2:24-cv-00618 <br> Honorable Cecilia M. Romero |

Pursuant to DUCivR 7-1(b)(2)(A), Defendants Central Bank ("**Central Bank**"), Ryan C. Staker ("**Staker**"), J. Scott Brown ("**Brown**"), and Cohne Kinghorn, a Professional Corporation ("**Cohne Kinghorn**") (collectively, "**Defendants**"), by and through counsel of record, hereby respond to the Motion for Leave to File Surreply filed by plaintiff Ryan Robert Walz ("**Plaintiff**").

1

## **FACTS**

On September 18, 2025, Defendants filed a motion to dismiss Plaintiff's Complaint and supporting memorandum pursuant to Rules 12(b)(1) and 12(b)(6), arguing, in pertinent part, that (i) the Court does not have jurisdiction; (ii) Plaintiff failed to state any conceivable claim for relief; (iii) Plaintiff's sovereign citizen Complaint was frivolous; and (iv) Defendants were entitled to attorneys' fees. Dkt. 13.

On September 24, 2025, Plaintiff filed a memorandum in opposition ("**Opposition**") and argued that his claims were not frivolous and that the Court should not dismiss the Complaint because the contracts at issue violated his constitutional rights under the Fifth Amendment and should be void. Dkt. 15.

On September 30, 2024, in an unrelated, yet similar matter, Plaintiff filed another federal action against an attorney and a law firm seeking to void a loan and title documents and, ostensibly, stop a non-judicial foreclosure sale, and clean title to the subject real property. *See Walz v. Oliveri, et al*., Case No. 2:24-cv-00724 (Bennett, J.) (the "**Oliveri Action**").

On October 7, 2024, Defendants filed their Reply Memorandum in Support of Motion to Dismiss Plaintiff's Complaint ("**Reply**"), which addressed Plaintiff's failure to state a claim arising under federal law or to establish subject matter jurisdiction; the frivolousness of Plaintiff's claims; and entitlement to attorneys' fees. Dkt. 17. The Reply also noted that Plaintiff had filed the Oliveri Action.

On January 15, 2025, after briefing on Defendants' motion to dismiss was complete, Plaintiff filed a "supplemental brief" ("**Supplemental Brief**") without leave. Dkt.

19. The Supplemental Brief argued that 1) the Fifth, Seventh, and Fourth Amendments apply for various reasons; 2) diversity jurisdiction applies because Plaintiff is not a resident of the State of Utah or a citizen of the United States; and 3) federal law applies to Plaintiff's claims. *Id*. Plaintiff already raised the first point in his Opposition but failed to raise the second and third points in his Opposition. *See* Dkt. 15.

On February 5, 2025, Defendants filed a Motion to Strike the Supplemental Brief. Dkt. 20.

On February 10, 2025, Plaintiff filed a Motion for Leave to File Surreply, arguing that he needed to address new material raised in Defendants' Reply. Dkt. 22. Specifically, Plaintiff wished to address the merits of the Oliveri Action. Plaintiff did not mention the Supplemental Brief or argue that it should be considered by the Court.

It has now come to Defendants' attention that the Oliveri Action has been dismissed. *See* Oliveri Docket, attached hereto as Exhibit A. On October 11, 2024 – just 11 days after Plaintiff filed the complaint – Judge Bennett *sua sponte* recommended that the Oliveri Action be dismissed for lack of subject-matter jurisdiction. *See* Report and Recommendation, attached hereto as Exhibit B. Judge Bennett noted that Plaintiff's complaint failed to establish federal-question jurisdiction, which was based on alleged violations of the Due Process Clause of the Fifth Amendment. *Id*. at 4. On November 13, 2024, Judge Nielson entered judgment dismissing the Oliveri Action for lack of subject-matter jurisdiction. *See* Judgment, attached hereto as Exhibit C. On November 15, 2024, Plaintiff filed a Motion for Reconsideration and Amendment of the Judgment. *See* Motion for Reconsideration, attached hereto as Exhibit D. On November 19, 2024, Judge Nielson

denied the Motion for Reconsideration and stated that arguments that could have been raised as objections to the Report and Recommendations were waived. *See* Oliveri Docket at Dkt. No. 19. On November 20, 2024, Plaintiff filed a Notice of Appeal, attached hereto as Exhibit E. On November 22, 2024, the Tenth Circuit *sua sponte* identified a procedural defect in the appellant's prosecution of the appeal and stated that Plaintiff had waived appellate review of the district judge's order accepting the magistrate judge's recommendation to dismiss the case for lack of subject matter jurisdiction because he did not file objections to the recommendation. *See* Tenth Circuit Order, attached as Exhibit F.

## ARGUMENT

The Court "may permit the filing of a surreply at its discretion." *CE Providers v. Stearns Bank*, No. 2:18-CV-100 TS, 2018 WL 3448335, at *2 (D. Utah July 17, 2018). "If the district court does not rely on the new material in reaching its decision, however, it does not abuse its discretion by precluding a surreply." *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005) (cleaned up).

Plaintiff has not demonstrated that the Supplemental Brief is an appropriate surreply. The Supplemental Brief contained arguments already made in his Opposition or that could have been raised in his Opposition but were not; it did not respond to new material raised for the first time in the Reply. The Supplemental Brief therefore should still be stricken.

As to the proposed surreply, Plaintiff is correct that Defendants first mentioned the Oliveri Action in its Reply because Plaintiff initiated the Oliveri Action after he filed his

Opposition. Additional information about the Oliveri Action does not help Plaintiff at all, however. The subsequent adjudication of the Oliveri Action only supports Defendants' Motion to Dismiss, arguments regarding the frivolousness of Plaintiff's various federal lawsuits, and request for attorneys' fees, and it further supports a finding that Plaintiff is a vexatious litigant. In their Reply, Defendants noted the similarities between the Oliveri Action and the instant case. Just four days after Defendants filed their Reply, Judge Bennett *sua sponte* recommended that the Oliveri Action be dismissed for lack of subject-matter jurisdiction. A judgment has now been entered dismissing the Oliveri Action for lack of subject-matter jurisdiction, and Plaintiff's Motion for Reconsideration has been denied.

Despite the well-reasoned analysis of the court, Plaintiff somehow thought that he should file the Supplemental Brief and then this Motion for Leave to File Surreply. Plaintiff has shown that he will continue to clog the courts with frivolous claims if undeterred. Because Plaintiff's claims were brought in bad faith and have now become part of Plaintiff's vexatious litigation tactics, the Court should award Defendants their attorneys' fees and costs.

## CONCLUSION

Considering the foregoing, Defendants respectfully request that the Court strike Plaintiff's Supplemental Brief, dismiss Plaintiff's Complaint, and award reasonable attorney fees to Defendants.

DATED this 11th day of February, 2025.

COHNE KINGHORN
A Professional Corporation

/s/ J. Scott Brown
J. Scott Brown
Jeremy R. Cook
Brenda E. Weinberg
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I certify that on the 11th day of February, 2025, I caused the foregoing **RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY (DKT. 22)** to be served by the court's electronic filing system which will send a notice of electronic filing to the following:

> Ryan Robert Walz
> 2077 South Main Street
> Spanish Fork, Utah 84660
> Email: RYANWALZ@PROTON.ME

/s/ J. Scott Brown

[55154.27]

# EXHIBIT A

APPEAL,CLOSED,OPEN_MJ,PROSE

**US District Court Electronic Case Filing System**
**District of Utah (Central)**
**CIVIL DOCKET FOR CASE #: 2:24-cv-00724-HCN**

Walz v. Oliveri et al
Assigned to: Judge Howard C. Nielson, Jr
Case in other court: Tenth Circuit, 24-04118
Cause: 42:1983 Civil Rights Act

Date Filed: 09/30/2024
Date Terminated: 11/13/2024
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

| Date Filed | # | Docket Text |
|---|---|---|
| 09/30/2024 | 1 | COMPLAINT against Halliday Watkins & Mann, P.C., Jessica Oliveri (Filing fee $ 405, receipt number 7526) filed by Ryan Robert Walz. (Attachments: # 1 Civil Cover Sheet ) Assigned to Magistrate Judge Jared C. Bennett (kec) (Entered: 09/30/2024) |
| 09/30/2024 | 2 | Summons Issued as to Halliday Watkins & Mann, P.C.. (kec) (Entered: 09/30/2024) |
| 09/30/2024 | 3 | Summons Issued as to Jessica Oliveri. (kec) (Entered: 09/30/2024) |
| 09/30/2024 | 4 | NOTICE OF PRESIDING MAGISTRATE JUDGE ASSIGNMENT - This case is assigned to a magistrate judge. Under 28 U.S.C. 636(c), Fed. R. Civ. P. 73, and DUCivR 72-4, you are hereby notified that a magistrate judge for the District of Utah may conduct any or all proceedings in this case, including a jury or bench trial and entry of a final judgment. Exercise of this jurisdiction by the magistrate judge is permitted only if all parties voluntarily sign and return the form. To consent, return the Consent Form to the clerk's office within 21 days via email at consents@utd.uscourts.gov or mail to the address on the form. **Please do not efile the Consent Form in the case.** Notice emailed or mailed to Plaintiff Ryan Robert Walz. Form due by 10/21/2024. (mh) (Entered: 09/30/2024) |
| 10/01/2024 | 6 | ORDER TO PROPOSE SCHEDULE - See order for details. Signed by Magistrate Judge Jared C. Bennett on 10/1/2024. (haa) (Entered: 10/01/2024) |
| 10/03/2024 | 7 | MOTION for Stay of Trustee Sale and Request for Temporary Restraining Order filed by Plaintiff Ryan Walz. (alf) (Entered: 10/03/2024) |
| 10/03/2024 | 8 | NOTICE OF FILING of Notice to Cease and Desist with Exhibits filed by Plaintiff Ryan Walz. (alf) (Entered: 10/03/2024) |
| 10/04/2024 | 9 | DOCKET TEXT ORDER FOR CASE TO BE REASSIGNED. Pursuant to court policy, Plaintiff's filing of a motion for immediate injunctive relief (ECF No. 7 ) renders this case ineligible for consent to the jurisdiction of a Magistrate Judge. Accordingly, the court HEREBY ORDERS that this case be reassigned to a District Judge through random reassignment. Signed by Magistrate Judge Jared C. Bennett on 10/04/2024. (docket text order; no attached document) (jcd) (Entered: 10/04/2024) |
| 10/04/2024 | 10 | Pursuant to docket text order 9 , case randomly assigned to Judge Howard C. Nielson, Jr and Magistrate Judge Jared C. Bennett is automatically referred under 28 U.S.C. 636(b)(1)(B). Magistrate Judge Jared C. Bennett no longer assigned as the presiding judge to the case. (alf) (Entered: 10/04/2024) |

| 10/09/2024 | 11 | MOTIONS REFERRED - 7 MOTION for Stay of Trustee Sale and Request for Temporary Restraining Order. Motions referred to Jared C. Bennett. (dle) (Entered: 10/09/2024) |
|---|---|---|
| 10/11/2024 | 12 | REPORT AND RECOMMENDATIONS - The court HEREBY RECOMMENDS that this case be DISMISSED WITHOUT PREJUDICE sua sponte and, consequently, that the 7 Motion be deemed MOOT. Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. The parties must file any objections to this Report and Recommendation within 14 days after being served with a copy of it. Failure to object may constitute waiver of objections upon subsequent review. Signed by Magistrate Judge Jared C. Bennett on 10/11/2024. (mh) (Entered: 10/11/2024) |
| 10/21/2024 | 13 | MOTION to Dismiss for Lack of Jurisdiction filed by Defendant Halliday Watkins & Mann, P.C.. Motions referred to Jared C. Bennett. Attorney G. Troy Parkinson added to party Halliday Watkins & Mann, P.C.(pty:dft)(Parkinson, G.) (Entered: 10/21/2024) |
| 10/22/2024 | 14 | Motion No Longer Referred to Magistrate Judge Jared C. Bennett: 13 MOTION to Dismiss for Lack of Jurisdiction. District Judge Howard C. Nielson, Jr. will handle the motion. (jcd) (Entered: 10/22/2024) |
| 11/13/2024 | 15 | DOCKET TEXT ORDER. On October 11, 2024, Magistrate Judge Bennett entered 12 Report and Recommendation, recommending that this action be dismissed without prejudice for lack of subject-matter jurisdiction and that 7 Plaintiff's Motion for Stay of Trustee Sale and Request for Temporary Restraining Order be deemed moot. The Report and Recommendation further provided that "[t]he parties must file any objections to this Report and Recommendation within 14 days after being served with a copy of it," and that "[f]ailure to object may constitute waiver of objections upon subsequent review." Dkt. No. 12 at 5. Plaintiff has not filed, and thus has waived, any objections to the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). Based on its review of the Report and Recommendation and the docket, the court cannot say that Judge Bennett's analysis or the disposition he proposes for this action constitutes plain error. *See Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1122 (10th Cir. 2005). The court accordingly ADOPTS 12 Report and Recommendation. This action is DISMISSED without prejudice for lack of subject matter jurisdiction. 7 Plaintiff's Motion for Stay of Trustee Sale and Request for Temporary Restraining Order and 13 Defendants' Motion to Dismiss for Lack of Jurisdiction are DENIED as moot. SO ORDERED. Signed by Judge Howard C. Nielson, Jr., on 11/13/24. (dle) Modified by correcting docket text on 11/14/2024 (dle). (Entered: 11/13/2024) |
| 11/13/2024 | 16 | JUDGMENT IN A CIVIL CASE: IT IS ORDERED AND ADJUDGED That this action is dismissed without prejudice for lack of subject-matter jurisdiction. Case Closed. Magistrate Judge Jared C. Bennett no longer assigned to case. Signed by Judge Howard C. Nielson, Jr on 11/13/24. (dle) (Entered: 11/13/2024) |
| 11/14/2024 | 17 | Modification of Docket: Correction: Docket text corrected re 15 Order Adopting Report and Recommendation. (dle) (Entered: 11/14/2024) |
| 11/15/2024 | 18 | MOTION for Reconsideration and Amendment of Filing re 16 Judgment, filed by Plaintiff Ryan Robert Walz. (dle) (Entered: 11/15/2024) |
| 11/19/2024 | 19 | DOCKET TEXT ORDER. To the extent 18 Motion for Reconsideration and Amendment of Filing raises arguments that could have been raised as objections to 12 Report and Recommendations, those arguments are waived. Even were they not waived, moreover, Plaintiff's arguments do not provide sufficient basis for reopening the court's judgment under Federal Rule of Civil Procedure 60(b). 18 Motion for Reconsideration and Amendment of Filing is DENIED. SO ORDERED. Signed by Judge Howard C. Nielson, Jr., on 11/19/24. No attached document. (dle) (Entered: 11/19/2024) |

| 11/20/2024 | 20 | NOTICE OF APPEAL as to 16 Judgment, filed by Ryan Robert Walz. Appeals to the USCA for the 10th Circuit. Fee Status: Not Paid. Filing fee $ 605. (dle) (Entered: 11/20/2024) |
|---|---|---|
| 11/20/2024 | 21 | Transmission of Preliminary Record to USCA re 20 Notice of Appeal as to Tenth Circuit. (Attachments: # 1 Appendix) (dle) (Entered: 11/20/2024) |
| 11/20/2024 | 22 | USCA Appeal Fees received $ 605 receipt number 8107 re 20 Notice of Appeal filed by Ryan Robert Walz. (dle) (Entered: 11/20/2024) |
| 11/21/2024 | 23 | USCA Case Number Case Appealed to Tenth Circuit Case Number 24-4118 for 20 Notice of Appeal filed by Ryan Robert Walz. (jrj) (Entered: 11/21/2024) |
| 11/22/2024 | 24 | ORDER of USCA Tenth Circuit to Show Cause as to 20 Notice of Appeal (alt) (Entered: 11/22/2024) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 02/10/2025 17:48:59 | | |
| **PACER Login:** | brendaeweinb | **Client Code:** | 55154.27 |
| **Description:** | Docket Report | **Search Criteria:** | 2:24-cv-00724-HCN |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

# EXHIBIT B

**THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH**

| | |
|---|---|
| **RYAN WALZ,** | **REPORT AND RECOMMENDATION** |
| **Plaintiff,** | |
| **v.** | **Case No. 2:24-cv-00724-HCN-JCB** |
| **JESSICA OLIVERI; and HALLIDAY WATKINS & MANN, P.C.,** | **District Judge Howard C. Nielson, Jr.** |
| **Defendants.** | **Magistrate Judge Jared C. Bennett** |

This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court are Plaintiff Ryan Walz's ("Mr. Walz") complaint[2] and "Motion for Stay of Trustee Sale and Request for Temporary Restraining Order" ("Motion").[3] Based upon the analysis set forth below, the court recommends dismissal of this case without prejudice *sua sponte* for lack of subject-matter jurisdiction and, consequently, that the Motion be deemed moot.

**BACKGROUND**

Mr. Walz's complaint names as defendants Jessica Oliveri and Halliday Watkins & Mann, P.C. (collectively, "Defendants") and lists a Utah address for each of them.[4] Mr. Walz generally alleges that Defendants assisted in scheduling and advertising an improper trustee sale of certain

---

[1] ECF No. 10.

[2] ECF No. 1.

[3] ECF No. 7.

[4] ECF No. 1 at 1-2.

of his real property in Utah.[5] Mr. Walz does not request any monetary relief. Instead, Mr. Walz

seeks a court order requiring Defendants to "cease all actions relating to" his real property and

removing "all title documents related to" his real property.[6] Mr. Walz alleges that Defendants

have violated the Due Process Clause of the Fifth Amendment and, therefore, asserts

federal-question jurisdiction under 28 U.S.C. § 1331.[7] Several days after he filed his complaint,

Mr. Walz filed the Motion, in which he requests the issuance of a temporary restraining order

halting Defendants' actions related to the trustee sale and his real property.[8]

### ANALYSIS

The court recommends that this case be dismissed without prejudice *sua sponte* for lack

of subject-matter jurisdiction and, consequently, that the Motion be deemed moot. First, the court

should dismiss this case without prejudice *sua sponte* because subject-matter jurisdiction is

lacking. "Insofar as subject[-]matter jurisdiction is concerned, it has long been recognized that a

federal court must, *sua sponte*, satisfy itself of its power to adjudicate in every case and at every

stage of the proceedings . . . ."[9] "A court lacking jurisdiction cannot render judgment but must

dismiss the cause *at any stage* of the proceedings in which it becomes apparent that jurisdiction

---

[5] *Id.* at 4.

[6] *Id.*

[7] *Id.* at 3.

[8] ECF No. 7.

[9] *Tafoya v. U.S. Dep't of Just., L. Enf't Assistance Admin.*, 748 F.2d 1389, 1390 (10th Cir. 1984); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

is lacking."[10] As the plaintiff, Mr. Walz bears the burden of establishing subject-matter jurisdiction.[11]

Mr. Walz asserts federal-question jurisdiction under 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." For federal-question jurisdiction to exist, Mr. Walz's complaint must establish "either that federal law creates the cause of action or that [his] right to relief necessarily depends on resolution of a substantial question of federal law."[12] "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law."[13] Further, federal-question jurisdiction "exists only where there is a colorable claim arising under federal law."[14] Although "[a] claim can be meritless while still being colorable, . . . a court may dismiss for lack of subject-matter jurisdiction when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy."[15]

---

[10] *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) (quotations and citation omitted) (emphasis in original).

[11] *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction.").

[12] *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1023 (10th Cir. 2012) (quotations and citations omitted).

[13] *Martinez v. U.S. Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986).

[14] *McKenzie v. U.S. Citizenship & Immigr. Servs., Dist. Dir.*, 761 F.3d 1149, 1156 (10th Cir. 2014) (quotations and citations omitted).

[15] *Id.* at 1156-57 (quotations and citations omitted).

Mr. Walz's complaint fails to establish federal-question jurisdiction. As stated above, the sole basis for Mr. Walz's assertion of federal-question jurisdiction is Defendants' alleged violations of the Due Process Clause of the Fifth Amendment. That basis is wholly insufficient because "[t]he Due Process Clause of the Fifth Amendment applies only to action by the federal government,"[16] and Defendants are a private individual and a private entity. Thus, Mr. Walz cannot state a Fifth Amendment claim here. Therefore, the court lacks subject-matter jurisdiction over this case.[17] Accordingly, the court recommends that this case be dismissed without prejudice *sua sponte*.[18]

Second, given Mr. Walz's failure to establish subject-matter jurisdiction, the court should not reach the merits of the Motion. Instead, the Motion should be deemed moot.[19]

---

[16] *Koessel v. Sublette Cnty. Sheriff's Dep't*, 717 F.3d 736, 748 n.2 (10th Cir. 2013).

[17] Mr. Walz did not assert diversity jurisdiction under 28 U.S.C. § 1332(a)(1), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." But even if he had done so, it appears that he would still fail to establish the existence of subject-matter jurisdiction. Indeed, Mr. Walz's complaint provides Utah addresses for himself and both Defendants, and he does not request monetary damages.

[18] *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("A longstanding line of cases from this circuit holds that where the district court dismisses an action for lack of jurisdiction, . . . the dismissal must be without prejudice.").

[19] Given that the Fifth Amendment does not apply to private parties, Mr. Walz's complaint also fails to state claims for relief under Fed. R. Civ. P. 12(b)(6). Therefore, that is an additional reason why this case should be dismissed, and the Motion be deemed moot.

### RECOMMENDATION

For the reasons stated above, the court HEREBY RECOMMENDS that this case be DISMISSED WITHOUT PREJUDICE *sua sponte* and, consequently, that the Motion[20] be deemed MOOT.

### NOTICE TO PARTIES

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[21] The parties must file any objections to this Report and Recommendation within 14 days after being served with a copy of it.[22] Failure to object may constitute waiver of objections upon subsequent review.

DATED this 11th day of October 2024.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge

---

[20] ECF No. 7.

[21] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[22] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

# EXHIBIT C

AO 450 (Rev.5/85) Judgment in a Civil Case

# United States District Court

## District of Utah

Ryan Robert Walz,

Plaintiff,

v.

Jessica Oliveri and Halliday Watkins &
Mann, P.C.,

Defendants.

**JUDGMENT IN A CIVIL CASE**

Case Number: 2:24-cv-00724-HCN-JCB

IT IS ORDERED AND ADJUDGED

That this action is dismissed without prejudice for lack of subject-matter jurisdiction.

November 13, 2024
_____
*Date*

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge

# EXHIBIT D

FILED
2024 NOV 15 AM 11:00
CLERK
U.S. DISTRICT COURT

**Ryan-Robert: Walz**

**c/o 9984 Scripps Ranch Blvd #1005**

**San Diego, California 92131**

**ryanwalz@proton.me**

**801-368-1138**

**November 13, 2024**

**Clerk of the Court**

**United States District Court**

**351 S. West Temple St.**

**Salt Lake City, UT 84101**

**Case Name:**

**Ryan Robert Walz v.**

**Jessica Oliveri and**

**Halliday Watkins & Mann, P.C.,**

**Case Number: 2:24-cv-00724-HCN-JCB**

### MOTION FOR RECONSIDERATION AND AMENDMENT OF FILING

I, Ryan-Robert: Walz, hereby file this motion in response to the Judgement by the Honorable Howard C. Nielson, Jr. in the case 2:24-cv-00724-HCN-JCB, dated November 13, 2024. Your honor, as no relief was granted, the Defendants have transferred title to the property in my claim to an additional party, causing further damage and creating a need for me to modify my claim. Firstly, I need to amend my request for no jury from the original filing and request a trial by jury. Jurisdiction is found in the federal court system because the damages exceed twenty dollars, and I am not only seeking compensatory damages but also equitable relief; in this case, diversity of jurisdiction also exists, and this court has jurisdiction because the Defendant's actions have violated my constitutional rights to due process. Because of the adoption of the Federal Rules of Civil Procedure adopted in 1938, this court can also hear cases of equity, which, in my understanding, makes the need for damages to exceed $75,000.00 irrelevant.

*"In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any Court of the United States than according to the rules of the common law."*

As no relief has yet been granted to me, The The Defendants have caused further damages for which I, as the Plaintiff, am now also seeking $1,000,000.00 from each Defendant for each property that pertains to them in their actions. Additionally, It is now necessary to add the Federal Home Loan Mortgage Corporation as a Defendant to this case as they have now somehow become a party by taking ownership of title to the property in Saint George, Utah. The Deed of Trust for which the Defendants have been acting is to be considered void, as it was entered into by me through fraud and coercion and without full disclosure of the facts. I have informed the Defendants of this, and they have blatantly ignored my communications regarding this matter. My determination for requesting one million dollars in damages from each defendant is based upon 18 U.S.C. § 1341. I understand that I cannot bring a claim on behalf of the United States using Title 18, but I believe that if the United States views this type of act of fraud and swindling to be worth a fine of $1,000,000.00, it justifies my request for damages of the same.

Thank you for your attention to this matter. I look forward to your prompt response to this Motion.

Sincerely,

/s/ Ryan-Robert: Walz
Ryan-Robert: Walz

# EXHIBIT E

FILED
2024 NOV 20 PM 2:49
CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | | |
|---|---|---|
| Ryan-Robert: Walz | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number: 2:24-cv-00724-HCN-JCB |
| | ) | |
| Jessica Oliveri and Halliday Watkins & | ) | |
| Mann, P.C., | ) | |
| | ) | |
| Defendants | ) | |

**NOTICE OF APPEAL**

Notice is hereby given that Ryan-Robert: Walz, the Plaintiff in the above-named matter, hereby appeals to the United States Court of Appeals For the Tenth Circuit from the Judgement entered in this action on November 13, 2024.

Respectfully submitted,

November 19, 2024

**/s/ Ryan-Robert: Walz**
Ryan-Robert: Walz
c/o 9984 Scripps Ranch Blvd #1005
San Diego, California

**CERTIFICATE OF SERVICE**

I, Ryan-Robert Walz, certify that on the 19th day of November, 2024, I caused the foregoing NOTICE OF APPEAL to be served by the court's electronic filing system, which will send notice of electronic filing to the following:

Jessica Oliveri and Halliday Watkins &
Mann, P.C.,
376 East 400 South, Suite 300
Salt Lake City, Utah 84111

# EXHIBIT F

FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

**November 21, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

RYAN ROBERT WALZ,

       Plaintiff - Appellant,

v.

JESSICA OLIVERI, et al.,

       Defendants - Appellees.

No. 24-4118
(D.C. No. 2:24-CV-00724-HCN)
(D. Utah)

_____

**ORDER**

_____

This matter is before the court *sua sponte* following the opening of this appeal.

We have identified a procedural defect in the appellant's prosecution of his case below

and are considering summary dismissal of his appeal. *See* 10th Cir. R. 27.3(B).

Specifically, we believe the appellant may have waived appellate review of the district

judge's order accepting the magistrate judge's recommendation to dismiss the case for

lack of subject matter jurisdiction because he did not file objections to the

recommendation. Regular proceedings in this appeal, including briefing on the merits, are

suspended at this time and pending further order of this court. *Id.* 27.3(C).

The appellant was advised in the magistrate judge's recommended disposition

about the necessity of filing of objections with the district judge to preserve any potential

right to appellate review. [Report and Recommendation, Dist. Ct. ECF No. 12 at p.5

("The parties must file any objections to this Report and Recommendation within 14 days

after being served with a copy of it. Failure to object may constitute waiver of objections upon subsequent review.").] The district court docket does not show that the appellant filed objections to the magistrate judge's recommendation. And the district judge's docket text order adopting the magistrate judge's recommendation stated the appellant did not file objections. [Order, Dist. Ct. ECF No. 15 ("Plaintiff has not filed, and thus has waived, any objections to the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).").] The appellant's noncompliance with the instruction to file objections may have resulted in a waiver of appellate review of the district court's order adopting the recommendation.

**On or before December 5, 2024,** the appellant shall file a memorandum brief addressing the following question and no other: whether he waived appellate review of the district court's order dismissing his case because he did not file timely and specific written objections to the magistrate judge's recommendation adopted in the district court's final order? *See* 28 U.S.C. § 636(b)(1)(C); *Moore*, 950 F.2d at 659 ("[F]ailure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions."); *see also Wardell v. Maggard*, 470 F.3d 954, 958 (10th Cir. 2006) (firm waiver rule applies to pro se litigants if informed of time to object and consequences of failing to do so); *Wirsching v. Colorado*, 360 F.3d 1191, 1196 (10th Cir. 2004) (describing interests of justice exception). The procedural requirements for memorandum briefs on potentially dispositive issues like this one are found at Tenth Circuit Rule 27.3(B).

Failure to file a timely and specific response to this order to show cause may be grounds for dismissal of this appeal without further notice for lack of prosecution. 10th Cir. R. 42.1.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157
Clerk@ca10.uscourts.gov

Christopher M. Wolpert
Clerk of Court

Jane K. Castro
Chief Deputy Clerk

November 21, 2024

Mr. Ryan Robert Walz
c/o 9984 Scripps Ranch Boulevard, Unit 1005
San Diego, CA 92131

**RE:**      **24-4118, Walz v. Oliveri, et al**
            Dist/Ag docket: 2:24-CV-00724-HCN

Dear Appellant:

Enclosed please find an order issued today by the court.

Please contact this office if you have questions.

Sincerely,

Christopher M. Wolpert
Clerk of Court

cc:      Gavin Troy Parkinson

CMW/sls