IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RYAN ROBERT WALZ,<br><br>      Plaintiff,<br><br>v.<br><br>CENTRAL BANK OF UTAH, et al.,<br><br>      Defendants. | **REPORT AND RECOMMENDATION GRANTING [13] MOTION TO DISMISS**<br><br>**AND**<br><br>**ORDER DENYING PLAINTIFF'S [18] MOTION TO SCHEDULE RULE 26 MEETING, [22] MOTION FOR LEAVE TO FILE SURREPLY, AND [25] MOTION FOR STATUS CONFERENCE; AND GRANTING IN PART AND DENYING IN PART [20] DEFENDANTS' MOTION TO STRIKE AND FOR ATTORNEY FEES**<br><br>Case No. 2:24-cv-00618-DAK-CMR<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Cecilia M. Romero |

   This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 12). Before the court is Defendants Central Bank of Utah, Ryan C. Staker, J. Scott Brown, and Cohne Kinghorn's (collectively, Defendants) Motion to Dismiss (Motion) (ECF 13). The court also considers Plaintiff Ryan Robert Walz's (Plaintiff) Response to the Motion (ECF 15) and Defendants' Reply (ECF 17). The court further considered Plaintiff's Motion to Schedule Rule 26 Meeting (ECF 18), Defendants' Motion to Strike Plaintiff's Supplemental Brief and for Attorney Fees (ECF 20), Plaintiff's Motion for Leave to File Surreply (ECF 22), and Plaintiff's Motion for Status Conference (ECF 25). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and decides this matter on the written memoranda. *See* DUCivR 7-1(g). For the reasons below, the undersigned DENIES Plaintiff's Motion for Rule 26 Meeting, Motion for Leave to File Surreply, and Motion for Status Conference and GRANTS in PART and

1

DENIES in PART Defendant's Motion to Strike and for Attorney Fees. The undersigned further RECOMMENDS that the court GRANT Defendant's Motion to Dismiss.

## I.   BACKGROUND

On August 22, 2024, Plaintiff filed his Complaint asserting federal question jurisdiction under 28 U.S.C. § 1331 (ECF 1 at 3). Plaintiff alleges that "[t]hrough coercion and lack of disclosure," Defendants convinced Plaintiff "to create a Trust for real estate" (*id.* at 4). According to Plaintiff, after disputes arose regarding the Trust, Defendants "proceeded to execute a Trustee sale" and filed other "real estate documents" related to the subject property, without responding to Plaintiff's complaints or Plaintiff's "Trust Reshaping" (*id.*). By doing so, Plaintiff alleges Defendants violated his rights under the Fifth Amendment and 18 U.S.C. § 1341 (*id.* at 3).

## II.   LEGAL STANDARDS

Defendants seek dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for "lack of subject-matter jurisdiction." "The federal courts are courts of limited subject-matter jurisdiction." *Gad v. Kansas State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015). Thus, this court "may only hear cases when empowered to do so by the Constitution and by act of Congress." *Id.* (quoting *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1225 (10th Cir. 2004)). Where a plaintiff invokes federal question jurisdiction under 28 U.S.C. § 1331, "[t]he complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." *Martinez v. U.S. Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986). The plaintiff bears the burden of establishing that the court has jurisdiction over their claims. *See Atlas Biologicals, Inc. v. Kutrubes*, 50 F.4th 1307, 1322 (10th Cir. 2022).

Furthermore, a challenge to subject matter jurisdiction may be either facial or factual. *See Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004). Where, as here, Defendants bring a facial challenge to subject matter jurisdiction, the court "assumes the allegations in the complaint are true." *Baker v. USD 229 Blue Valley*, 979 F.3d 866, 872 (10th Cir. 2020). However, "[m]ere conclusory allegations of jurisdiction are not enough." *Payn v. Kelley*, 702 F. App'x 730, 733 (10th Cir. 2017).

Defendants further seek dismissal of the Complaint pursuant to Rule 12(b)(6). Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

In undertaking this analysis, the court is mindful that Plaintiff is acting pro se and that his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, a pro se plaintiff must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

### III.    DISCUSSION

A. Motion to Dismiss

As discussed above, Plaintiff bears the burden of establishing subject matter jurisdiction. *See Atlas Biologicals*, 50 F.4th at 1322. Plaintiff has asserted federal question jurisdiction, and the basis for this jurisdiction, according to Plaintiff, is that his claims are asserted under the Due Process Clause of the Fifth Amendment and 18 U.S.C. § 1341, which is entitled "Frauds and swindles" (ECF 1 at 3).[1] Even assuming the allegations in the Complaint are true, neither of these claims provides a basis for subject matter jurisdiction.

Beginning with Plaintiff's claim asserted under the Due Process Clause of the Fifth Amendment, the relevant provision states that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. As noted by the Tenth Circuit, "[t]he Due Process Clause of the Fifth Amendment applies only to action by the federal government." *Koessel v. Sublette Cnty. Sheriff's Dep't*, 717 F.3d 736, 748 n.2 (10th Cir. 2013). In the Motion to Dismiss, Defendants point out that they are "all private actors," thus Plaintiff's Fifth Amendment claim fails. *See Pfundstein v. Home Depot U.S.A., Inc.*, No. 2:21-cv-00340-BSJ-JCB, 2022 WL 407283, at *7 (D. Utah Feb. 10, 2022) (noting that a Fifth Amendment claim fails where the "complaint does not contain any allegations about actions taken by the federal government or federal officials"). The undersigned agrees that because Plaintiff has not alleged that Defendants are federal actors, the Due Process Clause of the Fifth Amendment is inapplicable.[2] Accordingly, Plaintiff has failed to state a colorable claim under the Fifth Amendment.

---

[1] Plaintiff also lists "Breach of Trust" as a basis for federal question jurisdiction, however he did not provide any reference to a statute or other provision of law (ECF 1 at 3). This appears to be a state law claim and thus would not serve as a basis for jurisdiction under 28 U.S.C. § 1331, and Plaintiff has raised no argument to the contrary.

[2] Concerning Defendant Central Bank of Utah, the undersigned takes note of a recent decision wherein this court stated that "[a] bank is a private, not a state, actor." *Walz v. Repros Recovery*, No. 2:24-cv-809-TC-DBP, 2025 WL 615363, at *3 (D. Utah Feb. 26, 2025). Plaintiff has not presented an argument to counter this holding, nor has he

Plaintiff further asserts jurisdiction under 18 U.S.C. § 1341, which is entitled "Frauds and swindles." 18 U.S.C. § 1341 is a criminal statute relating to mail fraud, "requir[ing] proof of a scheme to defraud and use of the mails in furtherance of the scheme," *United States v. Hinkle*, 37 F.3d 576, 578 (10th Cir. 1994). "As a general matter, federal criminal statutes that 'do not provide for a private right of action' are 'not enforceable through a civil action.'" *Serna v. Webster*, No. 23-2091, 2023 WL 6382099, at *2 (10th Cir. Oct. 2, 2023) (quoting *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007)). And as courts within this circuit have found, 18 U.S.C. § 1341 does not provide for a private cause of action. *See Crownhart v. Colorado*, No. 24-1208, 2024 WL 3339916, at *2 (10th Cir. July 9, 2024) ("18 U.S.C. § 1341 is the federal statute criminalizing mail fraud and . . . may not be enforced in a civil action by a private party."); *see also Graham v. Tennessee Dep't of Lab. & Workforce Dev.*, 556 F. Supp. 2d 1298, 1300 (N.D. Okla. 2008) ("[A] private citizen cannot bring a federal criminal mail fraud action, nor does the federal mail fraud statute, Title 18 U.S.C. § 1341, provide for a private cause of action."); *Creech v. Fed. Land Bank of Wichita*, 647 F. Supp. 1097, 1099 (D. Colo. 1986) ("[N]o private cause of action exists for mail fraud under 18 U.S.C. § 1341."). Because Plaintiff is not entitled to bring a private claim under 18 U.S.C. § 1341, his second claim for relief also fails to establish subject matter jurisdiction.

In opposition to the Motion to Dismiss, Plaintiff asserts that he was attempting to follow the instructions included on the court's online forms for pro se litigants which indicate that plaintiffs should "[s]tate as briefly as possible the facts showing that each plaintiff is entitled to damages or other relief sought" (ECF 15 at 1). Federal Rule of Civil Procedure 8 requires that pleadings that state a claim for relief must include "a short and plain statement of the claim

---

presented arguments that Defendants Ryan C. Staker, J. Scott Brown, or Cohne Kinghorn should be considered state or federal actors.

showing that the pleader is entitled to relief," but the rule also requires "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a). This jurisdictional requirement is of the utmost importance because "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *Id.* R. 12(h)(3). Plaintiff's attempt to simplify his Complaint does not relieve him of his requirement to follow the same procedural rules as other litigants, s*ee Garrett*, 425 F.3d at 840, which includes his burden of establishing subject matter jurisdiction.

The undersigned further disagrees with Plaintiff's assertions that the court may consider the merits of his claims, even if the court lacks subject matter jurisdiction, because he seeks "equitable relief" (ECF 15 at 2). Plaintiff's argument is contrary to well-established principles that "once a court determines it lacks jurisdiction over a claim, it perforce lacks jurisdiction to make any determination of the merits of the underlying claim." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1217 (10th Cir. 2006); *see also Walz v. Repros Recovery*, No. 2:24-cv-809-TC-DBP, 2025 WL 615363, at *4 (D. Utah Feb. 26, 2025) (disagreeing with the plaintiff's assertion that the court "retains jurisdiction to provide equitable relief" even though the plaintiff's claims failed to establish subject matter jurisdiction).

For those reasons, the undersigned RECOMMENDS that the court GRANT Defendants' Motion to Dismiss.[3]

### B. Plaintiff's Motion to Schedule Rule 26 Meeting and Motion for Status Conference

After the Motion to Dismiss was filed, Plaintiff filed a (1) Motion to Schedule Rule 26 Meeting (ECF 18), and (2) Motion for Status Conference (ECF 25). These motions presuppose

---

[3] Considering that Plaintiff's Fifth Amendment claim does not apply to the named defendants, and 18 U.S.C. § 1341 does not provide a private cause of action, the undersigned further determines that the Complaint fails to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6), and this serves as an alternative basis for dismissal.

that Plaintiff has established subject matter jurisdiction and that this matter will be proceeding before this court. Because the undersigned has recommended that the entirety of Plaintiff's Complaint be dismissed for lack of jurisdiction, both motions are DENIED as MOOT.

### C. Defendants' Motion to Strike and for Attorney Fees

Next, the court turns to Defendants' Motion to Strike Plaintiff's Supplemental Brief and for Attorney Fees (ECF 20). Defendants' motion is granted in part and denied in part as follows.

Beginning with Defendants' motion to strike, the relevant rules indicate that where a motion to dismiss under Federal Rule of Civil Procedure 12(b) is filed by the defendant, "the plaintiff is permitted to file a memorandum in opposition to the motion, and the defendant is allowed to file a reply memorandum." *Simmler v. Reyes*, No. 2:19-cv-01009-RJS-JCB, 2021 WL 535501, at *1 (D. Utah Feb. 12, 2021). To that end, the local rules of procedure for the District of Utah provide that "[u]nless ordered otherwise, the court will not consider additional memoranda." DUCivR 7-1(a)(9). The fact that a litigant is proceeding pro se does not exempt them from abiding by these procedural requirements. *See Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (stating that a litigant's "*pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure"); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (emphasizing that pro se litigants must "follow the same rules of procedure that govern other litigants" (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992))).

On October 7, 2024, Defendants filed their Reply in Support of their Motion to Dismiss (ECF 17). Thereafter, Plaintiff filed a document he titled "Supplemental Brief Under FRCP 15(a)(b)" (Supplemental Brief) (ECF 19). In this Supplemental Brief, Plaintiff raised additional arguments in opposition to Defendants' Motion to Dismiss (*id.* at 1–4). Defendants then requested

7

that Plaintiff's "Supplemental Brief" be stricken, arguing that it fails to comply with the Federal Rules of Civil Procedure and the Local Civil Rules because Plaintiff failed to obtain leave of the court before filing his additional memoranda (ECF 20 at 3–4). Because Plaintiff's additional brief was filed without requesting leave of the court, the undersigned agrees with Defendants and grants their request to strike Plaintiff's Supplemental Brief.[4]

Beyond their motion to strike, Defendants also request an award of "reasonable attorneys' fees" because "Section 1988 gives courts discretion to award reasonable attorneys' fees to prevailing parties in certain types of cases, including those brought under 42 U.S.C. § 1983" (ECF 20 at 5). Furthermore, Defendants assert that "Plaintiff is a vexatious litigant because he has filed multiple frivolous lawsuits over a short span of time, so awarding reasonable attorney fees to Defendants is appropriate given Plaintiff's abusive litigiousness" (*id.* at 4).

As affirmed by the Tenth Circuit, "[a] prevailing defendant may recover an attorney's fee award only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant." *Houston v. Norton*, 215 F.3d 1172, 1175 (10th Cir. 2000) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 429 n. 2 (1983)). In cases where the plaintiff is proceeding pro se, "the district court should consider the pro se plaintiff's ability to recognize the objective merit of his or

---

[4] While the undersigned has found it appropriate to strike Plaintiff's Supplemental Brief, it notes that Plaintiff, for the first time, argues therein that diversity jurisdiction under 28 U.S.C. § 1332(a)(1) applies, because the parties are diverse and the amount in controversy exceeds $75,000 (ECF 19 at 1–2). Based on the Complaint, the undersigned disagrees that Plaintiff would be able to establish diversity jurisdiction in this matter, because the Complaint provides addresses in Utah for Plaintiff and Defendants (ECF 1 at 1–2). Plaintiff asserts he is "a non-citizen American National" and is therefore not a citizen of Utah (ECF 19 at 1–2), but this court has rejected similar arguments as meritless and has determined that allegations of this nature are insufficient to satisfy the diversity jurisdiction standard. *See Peck v. Dep't of Hous. & Urb. Dev.*, No. 2:20-cv-00321-RJS-CMR, 2021 WL 100506, at *5 (D. Utah Jan. 12, 2021) (finding "the allegation that [the plaintiff] is an 'American National' is meritless because it is based on frivolous sovereign citizen arguments" and that such allegations "neither establishes diversity jurisdiction nor [the plaintiff's] citizenship"). Thus, even if Defendants' motion to strike had been denied, Plaintiff still would have failed to establish subject matter jurisdiction.

her claim." *Id.* Moreover, "[t]he mere fact that a plaintiff has filed numerous lawsuits in the past does not support the imposition of fees." *Id.*

Defendants have not demonstrated that Plaintiff had the ability "to recognize the objective merit" of his claims. Furthermore, considering the facts presented and relevant case law, the undersigned finds Defendants' argument that attorneys' fees are appropriate because Plaintiff has filed multiple lawsuits unavailing. Given the information provided by the parties, the undersigned is unable, at this time, to find that fees are appropriate on the grounds that Plaintiff is a "vexatious litigant." Thus, Defendants have not established that they are entitled to an award of attorneys' fees, and their motion for such an award is denied.

Accordingly, Defendants' motion (ECF 20) is granted in part and denied in part. Defendants' request that Plaintiff's Supplemental Brief be stricken is GRANTED, and Defendants' request for an award of attorneys' fees is DENIED.

### D. Plaintiff's Motion for Leave to File Surreply

On February 10, 2025, Plaintiff filed his Motion for Leave to File Surreply (ECF 22), ostensibly in response to Defendants' Motion to Strike and for Attorney Fees (ECF 20). In his motion, Plaintiff argues that he should be allowed to file a sur-reply because Defendants "raise new material" in their Reply in support of their Motion to Dismiss (ECF 22 at 1).

The undersigned agrees with Plaintiff that, in general, "the nonmoving party should be given an opportunity to respond to new material raised for the first time in the movant's reply." *Origins Tech, Inc. v. Oak Equity Holdings II, LLC*, No. 2:23-cv-00326-TS-DAO, 2024 WL 22974, at *5 (D. Utah Jan. 2, 2024) (quoting *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005)). However, "[i]f the district court does not rely on the new material in reaching its decision" on the underlying motion, then the court "need not allow the sur-reply." *Id.*

9

Plaintiff asserts that Defendants' reply brief includes allegations that Plaintiff has filed "a 'frivolous' lawsuit of a similar kind currently pending against" a party not named in the present suit, and that these allegations were not raised in the Motion to Dismiss (ECF 22 at 4). As discussed above, *see supra* Part III.A., in recommending that the Motion to Dismiss be granted, the undersigned did not rely on any reference Defendants may have made related to a lawsuit separate from the one at hand. Because any new material that may have been raised in Defendants' reply was not relied on in ruling on the Motion to Dismiss, the undersigned finds it appropriate to DENY Plaintiff's Motion for Leave to File Surreply (ECF 22).

## ORDER AS TO MOTIONS

For the aforementioned reasons, the court rules as follows:

1. Plaintiff's Motion for Order to Schedule Rule 26 Meeting (ECF 18) is DENIED as MOOT;

2. Plaintiff's Motion for Status Conference (ECF 25) is DENIED as MOOT;

3. Defendants' Motion to Strike Plaintiff's Supplemental Brief and for Attorney Fees (ECF 20) is GRANTED IN PART and DENIED IN PART as outlined above; and

4. Plaintiff's Motion for Leave to File Surreply (ECF 22) is DENIED.

## RECOMMENDATION

Based upon the foregoing, IT IS HEREBY RECOMMENDED that Defendants' Motion to Dismiss (ECF 13) be GRANTED and this action be DISMISSED without prejudice.

## NOTICE

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within 14 days after being served with a copy

of it. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 6 May 2025.

*[signature]*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah